IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                                MDL 2327

---

THIS DOCUMENT RELATES TO:

*Manczur, et al. v. Ethicon, Inc., et al.*                    Civil Action No. 2:13-cv-01775

## MEMORANDUM OPINION AND ORDER

Pending before the court is the Motion to Dismiss Under Rule 25(a)(1) [ECF No. 18] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). Plaintiffs' counsel has responded to the Motion, making it ripe for decision. Resp. [ECF No. 20]. For the reasons stated below, Ethicon's Motion [ECF No. 18] is **GRANTED** and the plaintiffs' claims against Ethicon are **DISMISSED**.

### I.  Background

This action resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 50,000 cases currently pending, approximately 30,000 of which are in the Ethicon MDL, MDL 2327. This particular case involves Colorado co-plaintiffs, one of whom, Ms. Manczur, was implanted with Prolift, a mesh product manufactured by Ethicon, at University of Colorado Hospital in Aurora, Colorado. Am. Short Form Compl. [ECF No. 1] ¶¶ 1-11. On February 5, 2014, the plaintiffs'

counsel filed a Suggestion of Death with this court, noting that Ms. Manczur died on March 30, 2013. Suggestion of Death [ECF No. 10].

## II. Legal Standards

### A. Rule 25

Rule 25 governs the process for substituting or dismissing a case after a plaintiff has died. *See* Fed. R. Civ. P. 25. The rule provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). This rule also states that, "[a] motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner." Fed. R. Civ. P. 25(a)(3). The above-mentioned 90-day clock does not begin to run until the decedent's successors or representatives are served with a statement noting death. *See Farris v. Lynchurg*, 769 F.2d 958, 962 (4th Cir. 1985). If the successor or representative is a party to the action, service must be made on the party's attorney. Fed. Civ. P. R. 5(b)(1).

Whether a claim is extinguished is determined by the substantive law of the jurisdiction in which the cause of action arose. *See Robertson v. Wegmann*, 436 U.S. 584, 587 n.3 (1991) (explaining that a claim is not extinguished if the jurisdiction allows the action to survive a party's death). Traditionally, state statutes expressly state whether a claim survives a deceased party and to whom survivorship is allowed.

*Id.* at 589. If a case includes multiple plaintiffs, the death of one plaintiff does not cause an abatement of the claims for the remaining parties. *See* Fed. R. Civ. P. 25(a)(2) ("After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties.").

### B. Choice of Law

If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, the court consults the choice-of-law rules of the state where the plaintiff was implanted with the product. *See Sanchez v. Boston Scientific Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, the court will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). Ms. Manczur underwent implantation surgery in Colorado. Thus, the choice-of-law principles of Colorado guide the court's choice-of-law analysis.

Colorado follows the "most significant relationship" test, as outlined in section 145 of the Restatement (Second) of Conflict of Laws, in determining choice of law questions. *AE, Inc. v. Goodyear Tire & Rubber Co.*, 168 P.3d 507, 508 (Colo. 2007). Section 145 directs courts to consider four factors: (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile of the parties, and (4) the place where the parties' relationship is centered. *Id.* at 510. Here, the implantation surgery that allegedly resulted in Ms. Manczur's injuries took

place in Colorado. Ms. Manczur also resided in Colorado and received medical care for her alleged injuries in Colorado. Accordingly, Colorado's substantive law governs this case.

### III. Analysis

Ethicon argues it is entitled to dismissal of this case because Ms. Manczur is deceased and no motion to substitute was filed within 90 days of service noting her death. Indeed, the plaintiffs filed a Suggestion of Death on February 5, 2014, noting that Ms. Manczur died on March 30, 2013. [ECF. No. 10]. The Suggestion of Death was "served upon all counsel and any unrepresented parties." *Id.* Thus, as a party to the action, Mr. Manczur, the decedent's co-plaintiff and personal representative,[1] received service of the Suggestion of Death on February 5, 2014, triggering the 90-day clock. This gave Mr. Manczur until May 6, 2014 to file a motion for substitution.[2] As of the date of Ethicon's Motion to Dismiss [ECF No. 18], there has been no motion for the substitution of the decedent's legal representative in this case, making such a motion more than 1095 days overdue.

---

[1] Mr. Manczur is identified as Ms. Manczur's personal representative in his Response. Pl's Resp. [ECF No. 20], ¶¶ 2–3.

[2] The court does not address whether the claims stemming from Ms. Manczur's alleged injuries were extinguished. That issue is moot since Mr. Manczur failed to timely file a motion to substitute. In addition to identifying the proposed substitute plaintiff by name, any motion to substitute must describe why the proposed substitute plaintiff is a "proper" party, and why the claim has not been extinguished under the applicable state survivorship statute or applicable state common law. In the event that applicable state law requires the opening of an estate and the appointment of a personal representative to pursue the claims of a deceased plaintiff, plaintiff's counsel shall initiate or cause to be initiated proceedings to open an estate and/or obtain appointment of a personal representative for the plaintiff. Supporting documentation, such as certified or sealed Letters of Administration, is required. Pursuant to Local Rule 5.2.1(a) counsel must redact from any supporting documentation (1) social security numbers; (2) dates of birth; and (3) other personal identifying information.

Plaintiffs' counsel argues that a motion to substitute is not necessary, as Mr. Manczur is already a named plaintiff in this matter. The plaintiff, however, fails to cite to any authority in support of this assertion. Regardless, Rule 25(a)(1) provides the sole procedural device allowing Mr. Manczur to step into Ms. Manczur's shoes and pursue litigation on her behalf. *See* Fed. R. Civ. P. 25(a)(1) ("A motion for substitution may be made by any party or by the decedent's successor or representative."); *see Pellegrino v. Weber*, Civ. No. 09-4151-KES, 2010 WL 5248739, at *1 n.1 (D. S.D. Dec. 16, 2010) (explaining that a party who substitutes for a deceased plaintiff stands in the shoes of the decedent); *see also Roe v. N.Y.C.*, Civ. 9062, 2003 WL 22715832, at *3 (S.D.N.Y. Nov. 19, 2013). Thus, not having complied with the substitution requirements required by Rule 25(a)(1), Mr. Manczur cannot pursue any claims alleged by Ms. Manczur. Accordingly, the Motion is **GRANTED** as to claims alleged by Ms. Manczur.

While failure to comply with Rule 25(a)(1) prevents Mr. Manczur from pursuing claims on Ms. Manczur's behalf, Rule 25(a)(2) may allow Mr. Manczur to remain in this action to pursue claims on his own behalf. *See* Fed. R. Civ. P. 25(a)(2) ("After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties."). In this matter, that includes only his loss of consortium claim. That claim, however, only survives if Colorado substantive law identifies it as a separate claim that can be pursued independent from any claims that were previously alleged by Ms. Manczur. This is because, if the claim is derivative in

nature and "depend[s] entirely on the right of the injur[ed] person to recover," Mr. Manczur cannot prevail in his claim since Ms. Manczur's claims are dismissed. *Mancini v. Benihana Nat'l Corp.*, No. 13-cv-03231, 2015 WL 4162774, at *1 (D. Colo. July 10, 2015) (quoting *Colo. Comp. Ins. Auth. v. Jorgensen*, 992 P.2d 1156, 1164 (Colo. 2000)). Colorado treats loss of consortium claims as derivative in some contexts and independent in others, and courts "consider the legislative goals in [a particular] legal area" when deciding which approach to apply. *Id.* (quoting *Welch v. George*, 19 P.3d 675, 678 (Colo. 2000)). When dealing with product liability actions, courts applying Colorado law have held that loss of consortium claims must be dismissed as derivative of unsuccessful products liability claims. *See Butt v. Wright Med. Tech., Inc.*, No. 14-CV-3208-WJM-MEH, 2015 WL 4162576, at *2 (D. Colo. July 10, 2015) (citing *Lee v. Colo. Dep't of Health*, 718 P.2d 221, 230 (Colo. 1986)). I **FIND** that Mr. Manczur's loss of consortium claim is derivative. Accordingly, the Motion is **GRANTED** as to claims alleged by Mr. Manczur.

### IV. Conclusion

It is **ORDERED** that the defendant's Motion to Dismiss Under Rule 25(a)(1) [ECF No. 18] is **GRANTED** and the plaintiffs' claims against Ethicon are **DISMISSED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record.

ENTER: July 18, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE